UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DENNIS WILLIAM IRVING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 13-1233 (BAH) |
| | ) |
| DEPARTMENT OF THE TREASURY/ | ) |
| BUREAU OF THE PUBLIC DEBT, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

The Court previously entered a Memorandum and Order, ECF No. 15, granting in part and denying in part the defendant Department of Treasury's (DOT) motion for summary judgment. *See* Aug. 7, 2014 Mem. Op. and Order, ECF No. 15. The defendant has now supplemented the record in accordance with the Court's order to: (1) provide details about its search for records responsive to the plaintiff's Freedom of Information Act (FOIA) request, and (2) place the subject FOIA request in the record. Def.'s Supplemental Filing in Supp. of Mot. for Summ. J., ECF No. 17. The defendant proffers the supplemental declaration of Denise K. Nelson, who is "the Disclosure Officer at the Bureau of the Fiscal Service . . ., formerly known as the Bureau of the Public Debt (BPD)[.]" Supp'l Decl. of Denise K. Nelson ¶ 1, ECF No. 17-1. Upon consideration of the foregoing documents and the plaintiff's supplemental response, the Court will grant summary judgment to the defendant on the remaining search question and enter judgment accordingly.

1

## I. THE FOIA REQUEST

The Court determined from the parties' pleadings that "the substance of the [then-missing] request [was] not in dispute," Mem. Op. at 2, but it could not assess the reasonableness of the defendant's search without knowing the scope of the request. *See id*. at 7. The actual FOIA request reveals that the plaintiff addressed it to Denise Nelson's attention and prefaced it with the following: "Now onto the information I need, at the Bureau of Public Debt." FOIA Req. at 1, ECF No. 17-2. The plaintiff then requested: (1) "[a]ll information pertaining to the initial inception of my cusip [number], to include [names] . . . and account, or any numbers related as well and initial amount in cusip;" (2) "My cusip [number] account information, net assets, portfolio assets, and inception amounts;" (3) "any current information or status of account;" and (4) "any info on my Bid Bonds Standard 24, Performance Bonds 25 Standard, Payment Bond . . . Standard all through comptroller . . . General Services Administration." *Id*. at 1-2. Supposedly to assist with the search, the plaintiff referred also to "Fidelity Dividend Growth Fund Diversified." *Id*. at 2.

In addition, the plaintiff posed the following questions with regard to his purported account: "Where is the account now? Who is trading it? Who is my fund manager?"; and posed the following questions with regard to the bonds: "What are the amounts on those Bonds? Who put them out? Who has them?" *Id*. *But see* Mem. Op. at 5 ("The agency has no obligation to create records or to answer questions[.]") (citing cases).

## II. DISCUSSION

In the initial ruling, the Court found that the defendant had adequately explained why it could not search its filing systems by CUSIP number, as the plaintiff seemed to request, and for

2

records pertaining to the Fidelity Dividend Growth Fund Diversified, which the defendant did not maintain. *See* Mem. Op. at 6; *see also id*. at 1, n.1 (explaining CUSIP). The Court agreed, however, that the defendant had not adequately described the three BPD record systems that were searched; consequently, it denied the defendant's motion on this aspect of the claim without prejudice to reconsideration upon supplementation of the record. *See id.* at 7-8.

The defendant's declarant has now described the three searched record systems in sufficient detail and explained why those systems are most likely to contain responsive information "related to Mr. Irving and records of securities instruments owned by or associated with [him]." Nelson Supp'l Decl. ¶ 6. Those systems "cover various records/filing systems that contain [documents] relating to Treasury's issuance, registration, and payments of Treasury securities . . . ." *Id*. ¶ 7; *see also id*. ¶¶ 8-14 (providing details about each system). A search of those systems by the plaintiff's name and social security number, which is how such records are retrieved, located no responsive records. *Id*. ¶ 15; *see* Mem. Op. at 2.

In his supplemental response, the plaintiff states that he wants " 'All' systems within the Treasury and [the Bureau of Public Debt]" searched so that he "will know a complete search has been made[.]" Pl.'s Response to Def.'s Supplemental Filing in Supp. of Mot. for Summ. J. at 3, ECF No. 18. Just because a plaintiff requests that "all" locations be searched does not require an agency to perform such a search. To the contrary, the "FOIA does not provide individuals with the right to demand 'an all-encompassing fishing expedition' of files in every office . . . 'at taxpayer expense.' " *Bloeser v. U.S. Dep't of Justice*, 811 F. Supp. 2d 316, 321 (D.D.C. 2011) (quoting *Dale v. IRS*, 238 F. Supp. 2d 99, 105 (D.D.C. 2002)). Moreover, the fact that the plaintiff addressed his request to BPD's disclosure officer and specifically identified BPD as the office

3

within Treasury from which records were sought further supports the reasonableness of the defendant's search. *See id*. (noting that "[t]o the extent that plaintiff can identify documents which he believes exist in a particular office within the Department of Justice, such identifying information should have been included as part of his original FOIA request in order to narrow the scope of the search requested").

## III. CONCLUSION

The defendant has now shown that a reasonably adequate search was conducted for responsive records, and the plaintiff has not come forward with any evidence to create a genuine dispute about the search. Hence, the Court finds that the defendant is entitled to summary judgment on this last remaining issue. A separate final Order accompanies this Memorandum Opinion.

/s/ *Beryl A. Howell*
UNITED STATES DISTRICT JUDGE

DATE: November 6, 2014